IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| TANISHA PETTUS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:11CV00146 SWW |
| | * | |
| K MART CORPORATION and JOSH KING, | * | |
| | * | |
| | * | |
| Defendants. | * | |

**Order**

Before the Court is defendant's motion to dismiss plaintiff's complaint to which plaintiff responded. Defendant filed a reply. The motion is granted in part.

Plaintiff, a black woman, alleges that on April 30, 2010, Defendant King, an employee of Defendant K-Mart Corporation, falsely imprisoned her, claiming she had shoplifted a t-shirt. She says King observed her going back and forth in the store, matching up items of clothing. He followed her to the cash register where plaintiff purchased a large number of items, totaling over $200.00. She alleges that because she is black "she was not allowed to enter into a contract with K-Mart for the purchase of items on the same basis as white individuals" and that King and other employees of K-Mart detained her until the police arrived. Compl. at ¶¶ 10 and 11.

Plaintiff filed a complaint in Pulaski County Circuit Court alleging a claim under 42 U.S.C. § 1981 as well as false imprisonment and malicious prosecution. Defendants removed the action to this Court. Defendants now move for dismissal of the complaint, arguing plaintiff fails to set forth sufficient facts to support her claims.

"To demonstrate unlawful interference by a merchant under § 1981 . . . a plaintiff must show that the retailer 'thwarted' the shopper's attempt to make a contract. By 'thwart,' we mean

that interference is established where a merchant 'blocks' the creation of a contractual relationship." *Gregory v. Dillard's, Inc.,* 565 F.3d 464, 471 (8th Cir. 2009). Here, there are no allegations that defendants prevented plaintiff from making a purchase. Plaintiff alleges she made a purchase and then was detained . Therefore, the Court finds defendants' motion to dismiss should be granted as to plaintiff's § 1981 claim.

Because the remaining claims are based on state law, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c). *See Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009)(within court's discretion to exercise supplemental jurisdiction after dismissal of federal claim).

IT IS THEREFORE ORDERED that plaintiff's federal claim is dismissed with prejudice for failure to state a claim. Plaintiff's state law claims are remanded to the state court. The Clerk of the Court is directed to send a certified copy of this Order along with the file to the Circuit Court of Pulaski County, Arkansas.

DATED this 20th day of May, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE